BLACKBURN ET AL vs MUSKOGEE LAND CO.

Opinion delivered October 27, 1906.

(91 S. W. Rep. 31).

1. *Indians—Leasing of Lands.*

Under Sec. 17 of the Act of Congress approved June 30, 1902 (32 Stat. 504, C. 1323), Creek citizens may rent their allotments for strictly non-mineral purposes, for a term not to exceed one year for grazing purposes only, and for a period of not to exceed five years for agricultural purposes, but without any stipulation or obligation to renew the same.

2. *Lease—Extent of Term.*

> A lease dated August 30, 1902, stated that the lessor rents for the sum of $40.00 per annum payable, one half on or before January 1st, and one half payable on or before July 1st, of each year; that the lessor agrees to give possession on or before January 1, 1903, but if possession is not so given on or before said date, then rents are to commence from date of possession. *Held;* The stipulation that possession shall be given on or before January 1st only ha, reference to the payment of rents. If possession is given on or before January 1st then rents shall begin on January 1st, if not given until after that time, then to commence from date of possession.

3. *Lease—In Absence of Fixed Date When Lease is to Begin to Run.*

> Where a lease bears a specific date, and is to continue for a period of years, and the time for its commencement is not otherwise expressed, the day of the date of the lease is to be regarded at the time from which the lease is computed.

4. *Lessor and Lessee—Estoppel, When Invoked Against Landlord.*

> A lessor is estopped by his lease from denying that he had any estate in the land at the time the lease was executed.

Appeal from the United States Court for the Western District of the Indian Territory; before Justice Chas. W. Raymond, May 7, 1904.

Action by the Muskogee Land Company against Priscilla Blackburn and others. From a judgment in favor of plaintiffs defendants appeal. Affirmed.

This is an action of ejectment, brought by the appellee the Muskogee Land Company, the assignee of Anthony Crafton. On August 30, 1902, Priscilla Blackburn, "for and on behalf of" certain deceased persons, executed to Anthony Crafton four certain leases, which were assigned to the appellee. The assignments are not dated.

The complaint of the Muskogee Land Company alleges: "That on the 30th day of August, 1902, the defendant Priscilla Blackburn, as mother and sole heir of Charity Blackburn, deceased, allottee of (describing land), and as mother and sole heir of Josephine Blackburne, deceased, allottee, etc., and as mother and sole heir of James Williams, deceased, allottee, etc., and as grandmother and sole heir of John Williams, deceased, and allottee, etc., leased all of said lands to Anthony Crafton, for a term of five years, for agricultural purposes; and thereafter the said Anthony Crafton, for a valuable consideration, sold and assigned said leases to the plaintiff, the Muskogee Land Company, who is now the owner of said leases, and entitled to all the rights and benefits under said leases. That plaintiff is informed and believes that G. S. Swenson and James Hishaw are in possession of said lands, but whether as tenants of the defendant Priscilla Blackburn or otherwise, they are not advised; but they are holding adversely to the plaintiff, and refuse to attorn to plaintiff for the rents and profits arising from said premises, and refuse to surrender possession of same to plaintiff."

The leases are identical in terms, and, omitting description, over which there is no controversy, are as follows:

"Rental Contract. For Agricultural Purposes. Made and entered this 30th day of August, 1902, by and between Priscilla Blackburn, of Inola, I. T., for and on behalf of     *     * and Anthony Crafton.     *     *

"Now, therefore, in consideration of $——— cash as part payment on said rents herein provided, the receipt of which is hereby acknowledged, the lessor rents to the lessee, his successors and assigns, the following described tracts of lands, situated in the Creek Nation, Indian Territory, to wit:     *     *

"To have and to hold said premises for agricultural purposes, during the full term of five years; and the said lessor hereby rents the same for the sum of $40 per annum, payable as follows: One-half payable on or before January 1st, and one-half payable on or before July 1st, of each year during the continuance of this contract.

"The lessor agrees that possession to above lands shall be given on or before January 1, 1903, but if possession is not so given on or before said date, then rents are to commence from date of possession."

·Answers were filed, denying the allegations of the complaint, and setting up other matters of defense, but no proof was introduced by the defendants at the trial. One L. A. Bell, claiming to be the administrator of the estates of the deceased persons named in the leases, was made party defendant, and filed answer, to which the plaintiff demurred. The demurrer was sustained, and no further pleadings were filed by him.

At the trial the plaintiff introduced the leases and one witness, who testified that he was present and saw the defendant Priscilla Blackburn execute the leases in question. The defendants introduced no testimony, and moved for a peremptory instruction in their favor, which was refused, and defendants excepted. The record then recites: "Whereupon the court instructed the jury." The jury returned a verdict for the plaintiff. The following motion for new trial was filed: "Comes now the defendant and moves the court to set aside the verdict herein, for the reason that the verdict is contrary to the law and the evidence." Motion for new trial was overruled, exception saved, and the cause duly appealed.

*C. E. Castle,* for appellants.

*Maxey, Hunt & Rampendahl*, for appellee.

CLAYTON, J. (after stating the facts).. The principal contention of appellants is that the leases are void under section 17 of the act of Congress approved June 30, 1902 (32 Stat. 504 c. 1323), because for a longer period than five years. The leases were executed on August 30, 1902, and are therefore subject to and governed by the provisions of that act. Section 17 is as follows: "Creek citizens may rent their allotments for strictly non-mineral purposes, for a term not to exceed one year for grazing purposes only, and for a period of not to exceed five years for agricultural purposes, but without any stipulation or obligation to renew the same." The language of the leases is as follows:

"To have and to hold said premises for agricultural purposes, during the full term of five years; and the said lessor hereby rents the same for the sum of $40 per annum, payable as follows: One-half payable on or before January 1st, and one-half payable on or before July 1st, of each year, during the continuance of this contract.

"The lessor agrees that possession to above lands shall be given on or before January 1, 1903, but if possession is not so given on or before said date, then rents are to commence from date of possession."

Appellants contend that the lease terminates on January 1, 1908, more than five years from the date of its execution, and is therefore void under the provisions of section 17 above cited. But to this contention we cannot consent. The stipulation that possession shall be given on or before January 1st only has reference to the payment of rents. If possession is given on or before January 1st, then rents shall begin on January 1st; if

not given until after that time, then to commence from date of possession. The leases are dated August 30, 1902, and are to continue for the full term of five years; that is, five years from date. "Where a lease bears a specific date, and, is to continue for the period of one year, and the time of the commencement of the lease is not otherwise expressed, the day of the date of the lease is to be regarded as the time from which the lease is to be computed." Keyes vs Dearborn, 12 N. H. 52; Wood, Landlord & Tenant, §§ 61, 219. This also disposes of the contention of appellants that the leases are void for uncertainty because no time is fixed for their termination. .

There is nothing in the contention that the proof fails to show that the title was in the lessor. A lessor is estopped by the lease from denying that he had any estate in the land at the time the lease was executed. Wood, Landlord & Tenant, § 231.

Finding no error, the judgment of the court below is affirmed.

TOWNSEND and GILL, JJ., concur. RAYMOND, C. J., not participating.